**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| MICHAEL CHASE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Case No. 25-2904 (RJL) |
| | ) |
| WASHINGTON METROPOLITAN AREA | ) |
| TRANSIT AUTHORITY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION**

July ___9___, 2026 [Dkt. #5, 7, 10]

Plaintiffs Michael Chase, Teonna Chase, and minor Z.C. ("plaintiffs") sued

defendant Washington Metropolitan Area Transit Authority ("WMATA") for the allegedly

negligent driving of a WMATA Metrobus. There are three motions pending. As explained

further below, I will **DENY** WMATA's first motion to dismiss [Dkt. #5] as moot, **DENY**

plaintiffs' motion for leave to file an amended complaint [Dkt. #7] as moot, and **GRANT**

WMATA's second motion to dismiss [Dkt. #10] because plaintiffs conceded the motion

under Local Civil Rule 7(b), and, in any event, plaintiffs failed to state a claim of negligent

infliction of emotional distress.

**BACKGROUND**

Plaintiffs Michael Chase, Teonna Chase, and their two-year old child, Z.C., sued

defendant WMATA for negligence and negligent infliction of emotional distress. *See* Am.

1

Compl. [Dkt. #8]. Plaintiffs allege that on December 8, 2024, a WMATA Metrobus merged lanes without yielding and struck plaintiffs' vehicle. *Id.* ¶¶ 5–6. Plaintiffs sought medical evaluations and treatment for their injuries. *Id.* ¶¶ 8–9.

On July 15, 2025, plaintiffs filed suit in the Superior Court of the District of Columbia. *See* Ex. 5 to Compl. [Dkt. #1-5]. On August 28, 2025, WMATA removed the case to this Court. *See* Notice [Dkt. #3]. On September 4, 2025, WMATA filed a Rule 12(b)(6) motion to dismiss arguing that plaintiffs' action exceeded the statute of limitations and failed to state a claim for negligent infliction of emotional distress. *See* Def.'s Mot. to Dismiss ("First Mot. to Dismiss") [Dkt. #5].

On September 18, 2025, plaintiffs opposed WMATA's Rule 12(b)(6) motion. *See* Pls.' Opp'n [Dkt. #6]. That same day, plaintiffs moved for leave to amend their complaint. *See* Pls.' Mot. for Leave to Amend Complaint [Dkt. #7]. Plaintiffs simultaneously filed an amended complaint on the docket. *See* Am. Compl. [Dkt. #8].

On October 7, 2025, in response to plaintiffs' amended complaint, WMATA filed a second Rule 12(b)(6) motion to dismiss the negligent infliction of emotional distress claim. *See* Def.'s Partial Mot. to Dismiss ("Second Mot. to Dismiss") [Dkt. #10]. Plaintiffs never responded. The motions are now ripe.

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleadings "once as a matter of course" within 21 days of service or receipt of responsive pleadings. After 21 days, a party must obtain the "opposing party's written consent or the court's leave" to amend its complaint. Fed. R. Civ. P. 15(a)(2). "The grant or denial of leave to

amend is committed to the sound discretion of the district court, but the court should freely give leave when justice so requires." *Mann v. United States*, 2022 WL 888181, at *2 (D.D.C. Mar. 24, 2022) (quoting *De Sousa v. Dep't of State*, 840 F. Supp. 2d 92, 113 (D.D.C. 2012)). Courts may deny motions for leave to amend for "undue delay, bad faith or dilatory motive . . . or futility of amendment." *Id.*

When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint cannot merely offer "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555). Rather, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, the plaintiff "is entitled to 'the benefit of all inferences that can be derived from the facts alleged.'" *Islar v. Whole Foods Mkt. Grp., Inc.*, 217 F. Supp. 3d 261, 265 (D.D.C. 2016) (quoting *Am. Nat'l Ins. Co. v. FDIC*, 642 F. 3d 1137, 1139 (D.C. Cir. 2011)).

## ANALYSIS

### I.    WMATA's First Motion to Dismiss

WMATA's first motion to dismiss should be denied as moot because plaintiffs subsequently filed an amended complaint. *See McKeithan v. Boarman*, 2011 WL 2669060, at *1 (D.D.C. July 7, 2011) ("[B]y filing the amended complaint, the plaintiff rendered his original complaint a nullity." (cleaned up)); *see also Gray v. D.C. Pub. Schs.*, 688 F. Supp.

2d 1, 6 (D.D.C. 2010) ("When a plaintiff amends her complaint, it renders a motion to dismiss that complaint moot.").

## II.    Plaintiffs' Motion for Leave to Amend

Plaintiffs' motion for leave to file an amended complaint is denied as moot because plaintiffs could—and did—file an amended complaint as of right under Federal Rule of Civil Procedure 15(a)(1)(B). According to Rule 15(a)(1)(B), a party "may amend its pleading once as a matter of course" within "21 days after service of a motion under Rule 12(b)." Here, WMATA filed a Rule 12(b)(6) motion on September 4, 2025. *See* First Mot. to Dismiss. Fourteen days later, on September 18, 2025, plaintiffs timely filed an amended complaint. *See* Am. Compl. Therefore, plaintiffs' motion for leave to amend their complaint is moot. *See Shipkovitz v. Barr*, 2019 WL 1082161, at *5 (D.D.C. Mar. 7, 2019) (denying plaintiff's Rule 15(a)(1) Motion for Leave to Amend as moot because the amended complaint was timely filed as of right).

## III.    WMATA's Second Motion to Dismiss

WMATA's second motion to dismiss is granted both because plaintiffs conceded the motion by failing to respond and because the motion succeeds on the merits.

*First*, Local Civil Rule 7(b) provides that "an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion" within "14 days of the date of service or at such other time as the Court may direct"; otherwise the "Court may treat the motion as conceded." Local Civil Rule 7(b) is a "'docket-management tool that facilitates efficient and effective resolution of motions,' and we have yet to deem a 'straightforward application of Local Rule 7(b)' an abuse of discretion." *Cohen v. Bd. of*

4

*Trs. of the Univ. of the Dist. of Columbia*, 819 F. 3d 476, 480 (D.C. Cir. 2016) (quoting

*Fox. v. Am. Airlines, Inc.*, 389 F. 3d. 1291, 1294 (D.C. Cir. 2004)); *see also Dean v. Lange,*

*Kim & Dowell, LLP*, 2026 WL 172423, at *1 (D.D.C. Jan. 22, 2026) (applying Local Civil

Rule 7(b)).[1]

*Second*, WMATA's motion to dismiss is granted because plaintiffs have failed to

state a claim for negligent infliction of emotional distress.  To establish a claim for

negligent infliction of emotional distress, a plaintiff must prove that the negligent actions

of the defendant (1) created a "zone of physical danger," (2) causing "'serious' and

'verifiable' mental distress" so the plaintiff (3) "feared for his own safety." *Kowalevicz v.*

*United States*, 302 F. Supp. 3d 68, 78 (D.D.C. 2018) (quoting *Hedgepeth v. Whitman*

*Walker Clinic*, 22 A.3d 789, 798 (D.C. 2011)).  "'[S]erious and verifiable' means that the

distress must have manifested in an external condition or physical symptoms," and the

"emotional distress must be acute, enduring, or life-altering." *Hawkins v. WMATA*, 311 F.

Supp. 3d 94, 107 (D.D.C. 2018) (first quoting *Rice v. District of Columbia*, 774 F.Supp.2d

25, 33 (D.D.C. 2011), then quoting *Hedgepeth v. Whitman Walker Clinic*, 22 A.3d 789, 817

(D.C. 2011)).

Plaintiffs' allegations of harm are far too vague and conclusory to allege "serious

and verifiable mental distress. *Kowalevicz*, 302 F. Supp. 3d at 78.  Plaintiffs allege that

they were "physically shaken, causing significant physical and emotional trauma." Am.

---

[1] Due to the tension between Local Civil Rule 7(b), which places the burden of persuasion on the nonmoving party, and Rule 12(b)(6), which places the burden of persuasion on the moving party, courts also typically evaluate the merits of a party's Rule 12(b)(6) motion. *See Voacolo v. Fed. Nat'l Mortg. Ass'n*, 224 F. Supp. 3d 39, 42 (D.D.C. 2016); *see also Dean*, 2026 WL 172423, at *1 n.2.

Compl. ¶ 7. "Minor Plaintiff" "began crying and screaming and had to be medically evaluated for signs of distress and shock." *Id.* ¶ 8. Plaintiffs allege that they "continued to experience physical pain, emotional distress, and disruption in their daily lives." *Id.* ¶ 9. Courts have dismissed similarly conclusory allegations of emotional distress. *See, e.g.,* *Hawkins*, 311 F. Supp. 3d at 108 (allegation that plaintiff "became very frightened and was in pain and began to cry" and that a different plaintiff was "unable to feel safe while going outside" insufficient to state a claim for negligent infliction of emotional distress); *see also* *Bradley v. Nat'l Collegiate Athletic Ass'n*, 249 F. Supp. 3d 149, 170 (D.D.C. 2017) (dismissing the plaintiff's negligent infliction of emotional distress claim for "recit[ing], in a conclusory fashion, the elements" of a claim without more).

## CONCLUSION

For the foregoing reasons, I **DENY** defendant's Motion to Dismiss [Dkt. #5] as moot, **DENY** plaintiffs' Motion for Leave to File [Dkt. #7] as moot, and **GRANT** defendant's Partial Motion to Dismiss [Dkt. #10]. An accompanying order will issue contemporaneously with this opinion.

RICHARD J. LEON
United States District Judge

6